IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BETTY J. DUMAS )
)
Plaintiff, )
)
v. ) No. 02 C 6271
)
DOVENMUEHLE MORTGAGE, INC., )
et. al., )
)
Defendants. )

## MEMORANDUM ORDER

From time to time during the course of this litigation, plaintiff Betty Dumas ("Dumas") has regrettably sought to play the race card in an inappropriate fashion (this Court is not of course critical of Dumas' basic need to claim, as the gravamen of her action, that defendant Dovenmuehle Mortgage, Inc. and its employees (collectively "Dovenmuehle," treated for convenience as a singular noun) discriminated against her because she is African-American). Lest this characterization be deemed unfair, it is only necessary to read the language that Dumas has employed in Complaint ¶¶ 37-38 (in Dkt. No. 1) and in her numerous racially slanted references in Dkt. Nos. 21, 26, 29 and 32. Iindeed, Dumas herself inadvertently confirms that -- she has employed the "race card" terminology in the course of disclaiming it in Paragraph 8 of the filing that has occasioned this memorandum order. In this instance that unfortunate effort makes up the principal part of Dumas' currently tendered "Plaintiff

Motion To Enlarge Time in Which To File Response to Defendant's Motion for Summary Judgment," which she has scheduled for presentment on February 16.

After this action had been pending for something over two years and discovery had been completed, Dovenmuehle filed its properly supported Fed.R.Civ.P. ("Rule") 56 motion for summary judgment on January 18 of this year. This Court, in accordance with its universal practice whenever pro se litigants must address such a motion, sent Dumas a letter that carefully explained the summary judgment procedure (Exhibit 1 to this memorandum order), together with photocopies of Rule 56(e) and of this District Court's L.R. 56.1 and 56.2 implementing Rule 56, and that granted Dumas until February 18 to respond. Now, just before the due date of her response, Dumas has asked for another 60 days (until April 19) to do so.

This Court has reviewed the Dovenmuehle filing and finds it difficult to understand why such an extended period should be needed to respond to a motion that is based on numerous exhibits that have been delivered to Dumas, importantly including the transcript of her own videotaped deposition. It was for that reason that this Court originally granted Dumas a month for her response. But because Dumas' failure to have done the necessary work during that time frame would necessarily lead to her loss of her case under L.R. 56.1, this Court grants her an additional 31

days -- until March 21, 2005 -- to comply with her obligations under L.R. 56.1. This obviates the need for Dumas and Dovenmuehle to appear at the scheduled presentment date of February 16.

                                   /s/ Milton I. Shadur
                                    Milton I. Shadur
                                    Senior United States District Judge

Dated: February 10, 2005

C:\WPTEXT\Dumas4.wpd

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

CHAMBERS OF
MILTON I. SHADUR
SENIOR JUDGE

CHICAGO, ILLINOIS 60604

January 7, 2005

Ms. Betty J. Dumas
3620 South Calumet Avenue
Chicago IL 60653

        Re:  Dumas v. Dovenmuehle, et al.
             No. 02 C 6271

Dear Ms. Dumas:

    As you know, the lawsuit that you have brought against Dovenmuehle Mortgage Inc. and William Mynatt, Jr. ("defendants") is pending before this Court. By order entered on January 4, 2005, I have extended to January 18 the date by which defendants are to file their motion for summary judgment, together with supporting papers, in accordance with Rule 56 of the Federal Rules of Civil Procedure. At the same time, as contemplated by Rule 56, I ordered that any responsive materials that you plan to file must be submitted--mailed or delivered to me in my chambers--in time to arrive here on or before February 18, 2005. When I have reached my decision on the motion, my minute clerk will advise both you and defense counsel to that effect.

    Because of the importance and potentially final nature of a summary judgment motion, this letter is intended to inform you further of the consequences if you were to ignore the Court's order, or if any materials that you do submit prove to be legally insufficient. By their motion for summary judgment, defendants will be asking to have the suit decided in their favor without a full-scale trial, based on the evidence presented in the documents that they attach to their motion. Unless you answer the motion with your own affidavits or properly supported documentary evidence or both, only defendants' evidence will be before this Court. Thus your failure to respond in that way would be the equivalent of your failing to present any evidence in your favor at a trial.

    Under Rule 56(e) of the Federal Rules of Civil Procedure, a copy of which is enclosed, you may not simply rest on any unsworn documents that you may previously have filed in court. Such documents are not a proper response to a motion for summary judgment. Under the same Rule, if you do not submit affidavits or documentary evidence by February 18, I may accept the facts

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS

CHAMBERS OF
MILTON I. SHADUR
SENIOR JUDGE

CHICAGO, ILLINOIS 60604

Ms. Dumas
January 7, 2005
Page Two

that will have been declared in defendants' submission as true and (if those facts justify a decision in defendants' favor) may enter summary judgment against you. In that event you will have lost your case, and judgment will be entered in defendants' favor.

    That same result may follow if any matters that you do submit are not legally sufficient to establish your claim against defendants. Of course I am not in a position to indicate what is necessary for that purpose. Instead I will simply evaluate any submission that you choose to file on or before the February 18 deadline.

    To assist judges in determining whether any factual disputes exist and, if they do, whether such disputes are legally significant, our District Court has adopted its own rules--LR 56.1 and 56.2, photocopies of which are also enclosed--to supplement Rule 56. Defendants are expected to comply with LR 56.1(a) by providing their Statement of Uncontested Facts. As part of any submission you choose to file, you will be expected to comply with LR 56.1(b) (as you will note, that Rule specifically provides that unless your own statement in response shows that any part or parts of defendants' LR 56.1(a) statement is or are disputed, the statement [or the parts not identified by you as in dispute] will be considered as having been admitted by you).

                           Sincerely,

                           Milton I. Shadur

MIS:wb
enclosure

cc: Robert E. Shapiro, Esq.